# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 17-cv-3654 |
| STATEVILLE PRISON GUARD | ) | Judge Elaine E. Bucklo |
| WESAM S. ALI, | ) | Magistrate Judge M. David Weisman |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS (IDOC), | ) | |
| NURSE "MARY", and WEXFORD | ) | |
| HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WEXFORD'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, WESAM ALI, by and through his attorney, LISA MADIGAN, Illinois Attorney

General, and file this answer to Plaintiff's Complaint as follows:

### INTRODUCTION

As Plaintiff Michael Davis entered the dining room at Stateville Correctional Center on

September 2, 2014, Defendant Wesam Ali began to yell at Plaintiff without justification. Plaintiff

complied with Defendant Ali's orders, yet Defendant Ali approached and yelled at Plaintiff. A

staff member handcuffed Plaintiff, and Defendant Ali took Plaintiff out of the dining room. Once

out of view of other prisoners and guards, Defendant Ali severely yanked Plaintiff's handcuffed

wrists up towards Plaintiff's head. Plaintiff heard and felt his left wrist snap. As a result of

Defendant Ali's unjustified use of force, Plaintiff suffered and continues to suffer extreme pain

to his left wrist.

**ANSWER: Defendant admits Plaintiff was handcuffed and removed from the dining room at Stateville on September 2, 2014. Defendant denies the remaining averments of this paragraph.**

Despite recommendations from medical personnel that Plaintiff needed surgery for his left wrist, it took the Illinois Department of Corrections and Wexford over two years to provide Plaintiff the medical care he needed for his left wrist. During the delay, medical staff, including Nurse "Mary" were deliberately indifferent to his medical needs. Due to the delay in receiving surgery, Plaintiff has ongoing pain and a permanent injury to his left wrist.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant denies the averments contained in this paragraph.**

## JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendant admits that Plaintiff purports to bring this civil action is pursuant to 42 U.S.C. § 1983. Defendant denies any violation of Plaintiff's Constitutional rights.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

**ANSWER: Defendant admits that this Court has subject matter jurisdiction over this matter and that venue is proper in the Northern District of Illinois.**

## PARTIES

3. On September 2, 2014, Plaintiff Michael Davis was incarcerated at Stateville Correctional Center ("Stateville") in Joliet, Illinois. Stateville is operated by the Illinois Department of Corrections ("IDOC"). Plaintiff is a citizen of the State of Illinois.

**ANSWER: Defendant admits the averments of paragraph 3.**

4. At all relevant times, Defendant Ali was a guard at Stateville. He is the guard who intentionally and knowingly caused Plaintiff severe and ongoing medical injury. He is sued in his individual capacity.

**ANSWER: Defendant admits he was a correctional officer at Stateville during the time period relevant to the complaint. Defendant admits Plaintiff purports to sue him in his individual capacity. Defendant denies the remaining averments of paragraph 4.**

5. Defendant Wexford Health Sources ("Wexford") is, and at all times relevant to this lawsuit was, under contract to the State of Illinois and engaged in the business of providing health care professionals and services to correctional facilities in Illinois, including Stateville. Wexford failed to provide the proper medical care to the Plaintiff.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 5.**

6. Defendant Nurse "Mary" was at all relevant times working as a nurse at Stateville Correctional Center and was employed by the Defendant, Wexford, and acting within the scope of her employment and under color of law.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant denies the averments contained in paragraph 6.**

7. Defendant Illinois Department of Corrections ("IDOC") is, and at all times relevant to this lawsuit was, a government agency in charge of the administration of all of Illinois state prisons, including Stateville.

**ANSWER: Defendant admits the averments of paragraph 7.**

## FACTUAL ALLEGATIONS

8. On September 2, 2014, Plaintiff entered the "Chow Hall Circle" in Cell house F at Stateville.

**ANSWER: Defendant admits the averments contained in paragraph 8.**

9. As he entered the Chow Hall, he spoke to two inmates, one of whom was on the other side of the gate from where Plaintiff was standing.

**ANSWER: Defendant admits the averments contained in paragraph 9.**

10. Without justification or provocation, Defendant Ali told Plaintiff to "get the fuck off the gate".

**ANSWER: Defendant denies the averments of paragraph 10.**

11. Despite the fact that Plaintiff complied with this unjust order, Defendant Ali continued to shout at Plaintiff to get off the gate.

**ANSWER: Defendant denies the averments of paragraph 11.**

12. Plaintiff continued to comply and attempted to continue into the Chow Hall to eat.

**ANSWER: Defendant denies the averments of paragraph 12.**

13. Defendant Ali approached Plaintiff in an aggressive and confrontational manner.

**ANSWER: Defendant denies the averments of paragraph 13.**

14. One of the inmates with whom Plaintiff had been speaking questioned Defendant Ali regarding his actions towards Plaintiff.

**ANSWER: Defendant denies the averments of paragraph 14.**

15. Defendant Ali became annoyed and stated "I do what the fuck I want to do".

**ANSWER: Defendant denies the averments of paragraph 15.**

16. When other officers approached Plaintiff and Defendant Ali, Plaintiff put up his hands and said he wasn't doing anything.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 16.**

17. Despite the fact that Plaintiff had complied with Defendant Ali's unjust order, Defendant Ali again approached Plaintiff and Plaintiff continued to keep his hands up in the air to show that he was complying with the Defendant.

**ANSWER: Defendant denies the averments of paragraph 17.**

18. Cameras in the Chow Hall were turned towards the Plaintiff and recorded the incident.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 18.**

19. Correctional Lt. Daniel Artl approached Plaintiff and handcuffed him in an unobjectionable manner.

**ANSWER: The averments of paragraph 19 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits that Lt. Artl handcuffed Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining averments contained in paragraph 19.**

20. When out of sight of the cameras, prisoners and other guards, Defendant Ali then unnecessarily grabbed Plaintiff by the handcuffs and violently pulled the handcuffs up and away from Plaintiff's back, causing Plaintiff to suffer pain.

**ANSWER: Defendant denies the averments of in paragraph 20.**

21. Plaintiff said "I'm not doing shit".

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 21.**

22. Defendant Ali then took Plaintiff through a door into a separate dining area and forcefully pushed Plaintiff up against a door.

**ANSWER: Defendant admits he took Plaintiff through a door. Defendant denies the remaining averments of paragraph 22.**

23. Defendant Ali then put his arms behind the Plaintiff, pulled Plaintiff's handcuffs and pushed Plaintiff against the wall.

**ANSWER: Defendant denies the averments of paragraph 23.**

24. When Defendant Ali did that, Plaintiff heard his left wrist made a loud popping sound and experienced a lot of pain in the area of his left wrist.

**ANSWER: The averments of paragraph 24 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 24.**

25. Defendant Ali then roughly took Plaintiff into "the tunnel".

**ANSWER: Defendant denies the averments of paragraph 25.**

26. Plaintiff told Defendant Ali that he had broken Plaintiff's arm.

**ANSWER: Defendant denies the averments of paragraph 26.**

27. Defendant Ali said "shut up or it will get worse".

**ANSWER: Defendant denies the averments of paragraph 27.**

28. Defendant Ali then pushed Plaintiff into the tunnel wall and Plaintiff felt another snap of his left arm area due to Defendant Ali's actions.

**ANSWER: Defendant denies the averments of paragraph 28.**

29. Defendant Ali did not take Plaintiff to get medical treatment.

**ANSWER: Defendant admits the averments of paragraph 29.**

30. Another guard took Plaintiff to the infirmary at Stateville on September 2, 2014. On September 2, 2014, a nurse referred Plaintiff to a doctor due to the swelling and pain that Plaintiff was experiencing.

**ANSWER: The averments of paragraph 30 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 30.**

31. On September 2, 2014, Plaintiff was given inadequate treatment by medical staff at Stateville, who applied a splint, told him to apply ice packs, and gave him medicine for his pain.

**ANSWER: The averments of paragraph 31 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 31.**

32. On September 3, 2014, staff at the infirmary saw Plaintiff and gave him Motrin for his pain and noted he should have follow-up with the doctor next week and "potid" in two weeks.

**ANSWER: The averments of paragraph 32 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 32.**

33. On September 5, 2013, a doctor from orthopedics at the University of Illinois at Chicago (UIC) agreed to see Plaintiff on September 10, 2014.

**ANSWER: The averments of paragraph 33 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 33.**

34. On September 10, 2014, the doctor did not see Plaintiff due to a lockdown at Stateville. Medical staff made a note regarding consultation with UIC regarding the injury.

**ANSWER: The averments of paragraph 34 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 34.**

35. On September 12, September 19 and September 23, 2014, medical staff did not see Plaintiff despite the fact he had appointments, due to a lockdown at Stateville.

**ANSWER: The averments of paragraph 35 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or**

information sufficient to form a belief about the truth of the averments contained in paragraph 35.

36. On October 6, 2014, a doctor saw Plaintiff and diagnosed Plaintiff with a wrist dislocation and a torn ligament, gave Plaintiff Tylenol and recommended surgery.

**ANSWER: The averments of paragraph 36 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 36.**

37. On November 5, 2014, a nurse at Stateville saw Plaintiff. The nurse noted that Plaintiff stated that he was in pain and that Plaintiff was to go to UIC for medical treatment of the left wrist. Plaintiff was given Motrin for thirty days. Medical Director Obais noted that Plaintiff had a possible TFCC tear.

**ANSWER: The averments of paragraph 37 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 37.**

38. On November 11, 2014, the doctor approved medical treatment for a torn ligament.

**ANSWER: The averments of paragraph 38 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 38.**

39. On November 17, 2014, medical staff at Stateville, who noted that UIC had recommended surgery, saw Plaintiff.

**ANSWER: The averments of paragraph 39 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 39.**

9

40. On December 18, 2014, medical staff at Stateville noted that Plaintiff had "permit hand treatment through 12/2015 L wrist support".

**ANSWER: The averments of paragraph 40 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant denies the averments of paragraph 40.**

41. On January 4, 2015, medical staff at Stateville noted that they did not see Plaintiff due to a lockdown at Stateville.

**ANSWER: The averments of paragraph 41 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 41.**

42. On January 9 and January 12, 2015, medical staff at Stateville saw Plaintiff.

**ANSWER: The averments of paragraph 42 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 42.**

43. In February 2015, Plaintiff returned from surgery at UIC and stated to medical staff at Stateville that he sometimes has sharp pains in his left wrist. Results from the MRI were pending.

**ANSWER: The averments of paragraph 43 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 43.**

44. On February 23, 2015, medical staff at Stateville, who had not yet received a report from UIC, saw Plaintiff and scheduled a follow-up visit for four weeks.

**ANSWER: The averments of paragraph 44 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 44.**

45. On March 10, 2015, a doctor at Stateville noted that orthopedic doctor was approved for a "wrist disorder".

**ANSWER: The averments of paragraph 45 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 45.**

46. On March 24, 2015, medical staff at Stateville noted that the MRI results were not available and the visit was rescheduled for two weeks.

**ANSWER: The averments of paragraph 46 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 46.**

47. On April 8, 2015, Plaintiff wasn't seen due to time "constraints".

**ANSWER: The averments of paragraph 47 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 47.**

48. On April 15, 2015, Plaintiff wasn't seen due to a lockdown.

**ANSWER: The averments of paragraph 48 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 48.**

49. On April 29, 2015, a nurse noted that Plaintiff said "I'm all right I guess". Surgery was scheduled for June 24, 2015. However, an entry later that day noted that Plaintiff was not seen due to a lockdown and the appointment was rescheduled for May 13, 2015.

**ANSWER: The averments of paragraph 49 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 49.**

50. On May 4, 2015, medical staff at Stateville saw Plaintiff to schedule an appointment.

**ANSWER: The averments of paragraph 50 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 50.**

51. On May 11, 2015, medical staff at Stateville noted that Plaintiff had no change regarding his left wrist.

**ANSWER: The averments of paragraph 51 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 51.**

52. On May 13, 2015, medical staff did not see Plaintiff due to time constraints.

**ANSWER: The averments of paragraph 52 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 52.**

53. On May 14, 2015, medical staff did not see Plaintiff.

**ANSWER: The averments of paragraph 53 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 53.**

54. On June 2, 2015, Plaintiff told medical staff that he had pain in his left wrist. Medical staff at Stateville told Plaintiff he would have surgery at UIC in a few weeks.

**ANSWER: The averments of paragraph 54 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 54.**

55. On July 1, 2015, Plaintiff told medical staff that his wrist hurt a lot.

**ANSWER: The averments of paragraph 55 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 55.**

56. On July 21, 2015, Plaintiff had no change in his wrist, which still hurt a lot.

**ANSWER: The averments of paragraph 56 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 56.**

57. On August 10, 2015, medical staff saw Plaintiff, who asked when he would get the surgery. Surgery was rescheduled.

**ANSWER: The averments of paragraph 57 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 57.**

58. On August 25, 2015, Plaintiff was returned to inmate housing.

**ANSWER: The averments of paragraph 58 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 58.**

59. On September 8, 2015, Plaintiff asked a nurse at Stateville when he would receive surgery and told the nurse that the pain medication was not working.

**ANSWER: The averments of paragraph 59 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 59.**

60. On September 17, 2015, Plaintiff was not seen due to "CQI" and his appointment was rescheduled for September 24, 2015.

**ANSWER: The averments of paragraph 60 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 60.**

61. On September 24, 2015, the medical director did not see Plaintiff and instead rescheduled his appointment for September 25, 2015.

**ANSWER: The averments of paragraph 61 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 61.**

62. On September 25 and September 29, 2015, Plaintiff was not seen due to the absence of a provider.

**ANSWER: The averments of paragraph 62 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 62.**

63. On October 2, 2015, due to Plaintiff's pain, a doctor was asked to see him but did not due to "time constraints".

**ANSWER: The averments of paragraph 63 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 63.**

64. On October 5, 2015, Plaintiff asked medical staff if the surgery was still pending or if it had been actually scheduled.

**ANSWER: The averments of paragraph 64 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 64.**

65. On October 9, 2015, medical staff did not see Plaintiff due to a lockdown.

**ANSWER: The averments of paragraph 65 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 65.**

66. On October 13, 2015, Plaintiff was seen for a scheduled MRI.

**ANSWER: The averments of paragraph 66 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 66.**

67. On October 18, 2015, Plaintiff asked medical staff at Stateville what was happening with his surgery. Plaintiff's left wrist was in an ace bandage for pain and tenderness. Surgery had not yet been scheduled.

**ANSWER: The averments of paragraph 67 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 67.**

68. On October 27, 2015 a writ for the Plaintiff to get surgery at UIC was approved.

**ANSWER: The averments of paragraph 68 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 68.**

69. On November 15, 2015, Plaintiff's appointment was rescheduled since he was on the yard.

**ANSWER: The averments of paragraph 69 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 69.**

70. On November 16, 2015, Plaintiff asked medical staff when he would go for surgery. Medical staff told him it would happen soon.

**ANSWER: The averments of paragraph 70 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 70.**

71. On November 10, 2016, UIC admitted Plaintiff for surgery.

**ANSWER: The averments of paragraph 71 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant admits the averments of paragraph 71.**

72. Plaintiff received surgery on his left wrist that same day for arthroscopy open TFCC repair.

**ANSWER: The averments of paragraph 72 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 72.**

73. On December 9, 2016, Plaintiff was in extreme pain while in his cell in Stateville.

**ANSWER: The averments of paragraph 73 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 73.**

74. Plaintiff asked the attending nurse, Nurse "Mary" for help due to the extreme pain.

**ANSWER: The averments of paragraph 74 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 74.**

75. In violation of her duty, Defendant "Mary" told Plaintiff that she couldn't do anything until the medical director returned and further suggested that Plaintiff remove the hard cast and stitches to relieve the pain.

**ANSWER: The averments of paragraph 75 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 75.**

76. Defendant "Mary" also told Plaintiff that the only medicine she could give him was generic Tylenol.

**ANSWER: The averments of paragraph 76 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 76.**

77. Plaintiff relied Defendant Mary's advice, removed the cast and stitches, and took the Tylenol.

**ANSWER: The averments of paragraph 77 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 77.**

78. Later, Defendant "Mary" returned to the cell with another nurse present and asked Plaintiff why he took his cast off.

**ANSWER: The averments of paragraph 78 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 78.**

79. Plaintiff replied that it was because she told him to.

**ANSWER: The averments of paragraph 79 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 79.**

80. Defendant "Mary" said she was joking and refused to give him any medication for the pain.

**ANSWER: The averments of paragraph 80 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 80.**

81. The Wexford staff, including Defendant "Mary", did not ensure that Plaintiff got the proper and needed medical care for his injury.

**ANSWER: The averments of paragraph 81 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 81.**

82. The surgery did not repair the injury.

**ANSWER: The averments of paragraph 82 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 82.**

83. Plaintiff continued to suffer pain and needed additional surgery.

**ANSWER: The averments of paragraph 83 are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 83.**

84. False disciplinary charges were brought against Plaintiff to cover up Defendant Ali's actions. Plaintiff's grievance about the charge was denied.

**ANSWER: Defendant lack information sufficient to form a belief as to the truth of the averment that Plaintiff's grievance was "denied." Defendant denies the remaining averments of paragraph 84.**

85. Plaintiff was found guilty of the disciplinary charge and he received a three month c grade, segregation and commissary restriction.

**ANSWER: Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 85.**

86. At all relevant times, the Defendants actions were willful and wanton.

**ANSWER: Defendant denies the averments of paragraph 86.**

## PLAINTIFF'S DAMAGES

87. Plaintiff has suffered serious injury as a direct and proximate result of the misconduct of the Defendants alleged in the preceding paragraphs. Because Defendant Ali unjustifiably and intentionally used excessive force against the Plaintiff, he has suffered and continues to suffer ongoing injury, pain and suffering. Defendants failed to provide Plaintiff proper and needed medical treatment, which led to the aggravation of his injury.

**ANSWER: Defendant denies the averments of paragraph 87.**

88. Even, after repeated requests over a number of years, rather than receiving proper medical care and accommodations, Plaintiff was ignored and forced to live in pain and agony.

**ANSWER: Defendant denies the averments of paragraph 88.**

89. As a result of the Defendants' wrongful actions, Plaintiff has suffered and continues to suffer physical pain and suffering.

**ANSWER: Defendant denies the averments of paragraph 89.**

90. Subsequent to these events, Plaintiff exhausted any and all administrative remedies by IDOC, and then filed this lawsuit.

**ANSWER: Defendant lacks information sufficient to form a belief as to the truth of the averments of paragraph 90.**

## COUNT I

**Defendant Ali Deliberately and Intentionally used Excessive Force against Plaintiff in Violation of the Eighth Amendment under 42 U.S.C. §1983**

91. Plaintiff realleges paragraphs 1-90 with the same force and effect as if fully set forth herein.

**ANSWER: Defendant incorporates his answers to paragraph 1-90 as if fully set forth herein.**

92. The actions and conduct of Defendant Officer Ali, as set forth above, in using a greater amount of force than reasonably necessary on Plaintiff under color of law constitutes excessive force which violated Plaintiff's Eighth Amendment rights and the same Defendant Officer should be held liable for doing so pursuant to 42 U.S.C. § 1983.

**ANSWER: Defendant denies the averments of paragraph 92.**

93. Defendant Ali's use of force was not a good faith effort to maintain or restore security or discipline but rather was a malicious and sadistic act intended specifically to cause harm to Plaintiff.

**ANSWER: Defendant denies the averments of paragraph 93.**

94. Defendant Ali deprived Plaintiff of his right to be free from cruel and unusual punishment, or recklessly and callously disregarded Plaintiff's rights.

**ANSWER: Defendant denies the averments of paragraph 94 and denies Plaintiff's rights were violated in any way.**

95. Plaintiff suffered pain, injuries, mental and emotional distress and needed medical attention as a result of Defendant Ali's actions and needed [sic].

**ANSWER: Defendant denies the averments of paragraph 95.**

96. The actions and conduct of Defendant Officer Ali, as set forth above, were the direct and proximate cause of the violations of Plaintiff's Eighth Amendment rights and caused the damages as set forth above.

**ANSWER: Defendant denies the averments of paragraph 96 and denies Plaintiff's rights were violated in any way.**

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages plus the costs of this action and attorney fees from the Defendant Officer; in addition, Plaintiff demands punitive damages against the Defendant Officer as this individual Defendant acted willfully, wantonly, and/or in reckless disregard of Plaintiff's rights; and, whatever additional relief this Honorable Court deems just equitable and just [sic].

**ANSWER: Defendant denies Plaintiff is entitled to the relief he seeks in this paragraph.**

## COUNT II

### Failure to Provide Adequate Medical Care
### in Violation of the Eighth Amendment under 42 U.S.C. §1983

97. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count.

**ANSWER: Defendant incorporates his answers to paragraph 1-97 as if fully set forth herein.**

98. Defendants were and are aware that that Plaintiff suffered from a serious medical injury as a result of Defendant Ali's actions, aggravated by the Defendants failure to provide adequate medical treatment.

**ANSWER: Defendant denies the averments of this paragraph.**

99. Defendants failed to ensure that he got prompt and adequate medical attention, including surgery.

**ANSWER: Defendant denies the averments of this paragraph.**

100. Defendant IDOC failed to ensure that Plaintiff got prompt and needed medical treatment when Plaintiff was denied visits to health care due to lockdown, being on the yard or time constraints.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant denies the averments of this paragraph.**

101. Because the Defendants were not only aware of the Plaintiff's medical needs, but also the necessary treatment and medical accommodations that could relieve his suffering, yet refused to administer them to the Plaintiff, the Defendants exhibited and continue to exhibit deliberate indifference to the medical needs of the Plaintiff.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant denies the averments of this paragraph.**

102. As a direct and proximate result of the Defendants' failure to provide adequate medical care to the Plaintiff, Plaintiff was and continues to be unlawfully subjected to an unreasonable risk of serious harm and has suffered damages.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant denies the averments of this paragraph.**

WHEREFORE, Plaintiff respectfully requests that this court:

A. Declare the conduct of Defendants has violated the rights guaranteed to Plaintiff Davis under the Eighth Amendment to the U.S. Constitution.

B. Grant an order forcing Defendants at IDOC to allow Plaintiff any and all needed future medical attention for his wrist in order to ensure that he receives proper medical care, including surgery and the use of a splint if necessary.

C. Award Plaintiff appropriate compensatory damages, as well as costs and attorneys' fees incurred in connection to this lawsuit pursuant to 42 U.S.C. § 1983.

**ANSWER: Defendant denies Plaintiff is entitled to the relief he seeks in this paragraph.**

## COUNT III

### 42 U.S.C. § 1983 *Monell* Claim

103. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count.

**ANSWER: Defendant incorporates his answers to paragraphs 1-103 as if fully set forth herein.**

104. In its capacity as a contractor to the IDOC, Wexford promulgated rules, regulations, policies and procedures for medical screening, medical treatment, and overall medical care for inmates at Stateville.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

105. Wexford's employees, including Defendant Nurse "Mary", implemented its policies, as the people responsible for the medical care of Plaintiff.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

106. In its capacity as a contractor to the State of Illinois, through the IDOC, Wexford was at all relevant times acting under color of law.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

107. Upon information or belief, Defendant Wexford has implemented a cost cutting policy that resulted in its failure to ensure that its patients receive the medical care needed to resolve their injuries such as occurred to the Plaintiff and those with similar medical needs.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

108. Upon information or belief, Wexford has other polices and/or procedures in place that resulted in its failure to ensure that Plaintiff and other prisoners with similar medical needs received the needed and recommended medical care.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

109. In 2011 and for a period of time prior to that date, Wexford maintained a policy or procedure under which prisoners with serious medical conditions, such as Plaintiff, were routinely denied access to proper or sufficient medication and medical care.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

110. Wexford's policy and procedure were clearly demonstrated by the failure and refusal of its employees to ensure that Plaintiff got prompt, proper and sufficient medical care for his serious injury.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

111. Defendant Wexford was aware of the medical needs of patients with wrist injuries and is aware that their policies or procedures result in the denial of medically prescribed treatment to the plaintiff and those with similar medical needs.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

112. Pursuant to their policies and procedures, Defendant Wexford, continued to refuse, deny or fail to ensure that Plaintiff received the medically prescribed treatment needed by the Plaintiff, which resulted in deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment of the U.S. Constitution.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

113. As a direct and proximate result of Defendant Wexford's policies and procedures that prevented Plaintiff from receiving needed surgery, Plaintiff was and continues to be unlawfully subjected to an unreasonable risk of serious harm and has suffered damages.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore, no response is required. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the averments of this paragraph.**

WHEREFORE, Plaintiff respectfully requests that this court:

A.  Declare the conduct of Wexford violated the rights guaranteed to Plaintiff Davis under the Eighth Amendment to the U.S. Constitution.

B.  Award Plaintiff appropriate compensatory damages, as well as costs and attorneys'

fees incurred in connection to this lawsuit pursuant to 42 U.S.C. § 1983.

**ANSWER: The averments of this paragraph are not directed at Defendant and therefore,**

**no response is required. To the extent a response is required, Defendant denies Plaintiff is**

**entitled to the relief he seeks in this paragraph.**

## COUNT IV

### Indemnification Pursuant to 745 ILCS 10/9-102 against the Illinois Department of Corrections

114. Plaintiff realleges paragraphs 1-113 with the same force and effect as if fully set

forth herein.

**ANSWER: Defendant incorporates his answers to paragraphs 1-113 as if fully set forth**

**herein.**

115. IDOC is the employer of Defendant Ali.

**ANSWER: Defendant admits the averments of this paragraph.**

116. The above Defendant committed the acts alleged above under color of law and in the

scope of his employment as employee of the Illinois Department of Corrections.

**ANSWER: Defendant denies the averments of paragraph 116.**

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to exhaust his administrative remedies as required under the Prison

Litigation Reform Act (42 U.S.C. § 1997).

2. At all times relevant herein, Defendants acted in good faith in the performance of their

official duties and without violating Plaintiff's clearly established statutory or constitutional

rights of which a reasonable person would have known. Defendants are therefore protected from

suit by the doctrine of qualified immunity.

3. Plaintiff's claim is barred by the relevant statute of limitations.

## JURY DEMAND

Defendant demands a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:    /s/ Megan Honingford
MEGAN HONINGFORD
Assistant Attorneys General
Office of the Attorney General
100 W. Randolph Str., 13th Floor
Chicago, Illinois  60601
(312) 814-2527